THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br>KEITH LAMONT SIMS,<br><br>               Defendant. | CASE NO. CR05-0182-JCC-2<br><br>ORDER |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 305). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

In 2005, Defendant pleaded guilty to Conspiracy to Defraud the United States; he was later sentenced to 60 months of confinement and three years of supervised release. (Dkt. Nos. 30, 182, 223.) Defendant now moves for early termination of his supervised release. (Dkt. No. 305.) In support, he cites his recent compliance with the conditions of his supervised release, his age, his stable employment, and a stable personal relationship. (*Id.* at 1–3.) The Government and the Probation Office oppose, citing Defendant's poor performance on supervised release throughout much of the period since his initial release. (Dkt. No. 306 at 1.)

The Court may terminate a term of supervised release after the completion of one year "if

ORDER
CR05-0182-JCC-2
PAGE - 1

it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the need to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

The Court has considered the § 3553(a) factors and concludes that early termination of supervised release is not warranted. Defendant's criminal record prior to the crime for which he was sentenced is lengthy. (*See* Dkt. No. 157.) And his post-sentence conduct is equally concerning. Defendant has violated the conditions of his supervised released on numerous occasions. (*See* Dkt. Nos. 281, 296, 303.) In some instances, this included serious crimes resulting in additional lengthy sentences. Maintaining Defendant's supervised release period will ensure the safety of the community, at least within the limits of the Court's statutory authority.

Therefore, the Court finds that Defendant's conduct since his release does not warrant early termination and that, in consideration of the 18 U.S.C. § 3553(a) factors, early termination is not in the interests of justice. For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 305) is DENIED.

DATED this 19th day of December 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR05-0182-JCC-2
PAGE - 2